1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAJ SINGH,                              No.  2:14-cv-2382-JAM-KJN PS

12              Plaintiff,

13        v.                                 <u>ORDER</u>

14   COUNTY OF SACRAMENTO, et al.,

15

16              Defendants.

17

18

19        Plaintiff Raj Singh, proceeding in this action without counsel, has requested leave to

20   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in

21   support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. §

22   1915.  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

23        The determination that a plaintiff may proceed in forma pauperis does not complete the

24   required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

25   any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

26   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

27   _____

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                    1

1   an immune defendant.

2          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8   Cir. 1989); Franklin, 745 F.2d at 1227.

9          To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

10  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

11  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

12  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

13  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

14  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

15  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

16  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

17  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

18  the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 127 S. Ct.

19  2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see

20  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

21         Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

22  (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

23  that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

24  pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson,

25  809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

26  ////

27  ////

28  ////

                                                2

Here, plaintiff alleges in his complaint that defendants improperly declared two of plaintiff's properties uninhabitable and levied fines and criminal penalties on him and Karen Singh, an individual not named as a plaintiff in the complaint, after defendants ordered plaintiff to pay certain utility bills and provide maintenance for his properties while illegal occupants were residing on them.  (ECF No. 1 at 3-4.)  Plaintiff vaguely asserts that the fees were assessed against him without any due process.  (Id.)

Plaintiff appears to also allege that after defendants condemned plaintiff's properties, they damaged the properties by boarding them up, which broke windows and caused other damage, and forced plaintiff to spend additional money on repairs in an attempt to comply with defendants' orders.  (Id. at 4.)  Defendants then required plaintiff to relocate the illegal occupants of these properties at plaintiff's own expense and continued to harass plaintiff with visits to his properties and further improper fines.  (Id.)  Plaintiff further alleges that defendant permitted trespassers to enter plaintiff's vacated properties "and steal all the fixtures, wiring and other belongings."  (Id.)

Plaintiff also alleges that defendant Sacramento County took control of plaintiff's properties through a county-appointed receiver who sued plaintiff in state court.  (Id. at 5.) Plaintiff further alleges that defendants "caused the killings of the occupants [of his property] by a fire" and came to plaintiff's home and seized plantiff's computer and legal documents, which contained attorney-client communications.  (Id.)  Plaintiff also claims that defendants threatened plaintiff's attorneys to the point they can no longer help him and that the state courts are willing to prosecute plaintiff based on defendants' false claims but will not allow him to put on a defense. (Id.)

Plaintiff appears to allege that defendants' actions with respect to him and his properties are part of a larger illicit scheme perpetrated by defendants where defendants charge property owners of Sacramento County fines for various erroneous violations and then continue to illegally cite the owners after they attempt to resolve the violation until the fines become so great that defendants sue the home owners in state court to take control over the owners' property via a court-appointed receiver.  (Id.)  Plaintiff includes a section in his complaint entitled "class action

3

1  allegations" in what appears to be an attempt to obtain class certification for citizens of

2  Sacramento County who were also subjected to this alleged scheme.  (Id. at 6.)

3        Based on these allegations, plaintiff asserts the following causes of action against all

4  defendants: "Violation of California Health and safety code and Other Codes"; "Violation of

5  Constitutional Rights"; trespass to chattels; and civil conspiracy.  (Id. at 7-8.)  Based on these

6  claims, plaintiff seeks compensatory damages, punitive damages, and injunctive relief.  (Id. at 9.)

7        As alleged, plaintiff's complaint contains a number of deficiencies.  First, plaintiff styles

8  this case as a putative class action and appears to seek class certification for other individuals

9  alleged to have been similarly injured by defendants' actions.  However, plaintiff appears in this

10  action pro se and, therefore, cannot prosecute this case as a class action.  A non-attorney

11  proceeding pro se may bring his own claims to court, but may not represent others.  Fymbo v.

12  State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114

13  F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th

14  Cir. 1987) (holding that a non-attorney has a right to appear pro se on his or her own behalf, but

15  "has no authority to appear as an attorney for others").[2]

16        Furthermore, plaintiff alleges claims for violations of California's Health & Safety Code,

17  Business & Professions Code, and "Other Codes" without specifying which section or sections of

18  these Codes defendants allegedly violated.  (ECF No. 1 at 7, 9.)  Similarly, plaintiff alleges that

19  defendants violated his "Constitutional Rights," without specifying which constitutional right or

20  rights he seeks to vindicate through this action.

21        Finally, plaintiff's factual allegations concerning defendants' purportedly illegal actions

22  consist largely of vague assertions and conclusory statements that give little indication to the

23  court or to defendants as to what specific act or acts underly each of plaintiff's claims.  In short,

24  based on what the court can ascertain from the complaint, plaintiff does not plead sufficient facts

25  which, if accepted as true, would allow the court to draw the reasonable inference that defendants

26

27  [2] The complaint appears to also assert claims on behalf of Karen Singh, who is not named as a
    plaintiff in this action.  Plaintiff cannot assert claims on this individual's behalf for the same
28  reason he cannot represent members of the alleged putative class.

1  are liable for the misconduct alleged.  Therefore, the court dismisses plaintiff's complaint, but
2  with leave to amend.

3      If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
4  Complaint"; shall be no longer than 20 pages; shall correct the deficiencies outlined in this order;
5  and shall be filed within 28 days of this order.

6      Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order
7  to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  As a general rule, an
9  amended complaint supersedes the original complaint, and once the first amended complaint is
10  filed, the original complaint no longer serves any function in the case.

11      Finally, nothing in this order requires plaintiff to file a first amended complaint.  If
12  plaintiff determines that he is unable to amend his complaint in compliance with the court's order
13  at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without
14  prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

15      Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

16      1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

17      2. Plaintiff's complaint is dismissed, but with leave to amend.

18      3. Within 28 days of this order, plaintiff shall file either a first amended complaint in
19         compliance with this order, or a notice of voluntary dismissal of the action without
20         prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

21      4. Failure to file either a first amended complaint in compliance with this order or a
22         notice of voluntary dismissal by the required deadline may result in a recommendation
23         that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure
24         41(b).

25      IT IS SO ORDERED.

26  Dated:  April 10, 2015

27

28
                                        _____
                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE

5