UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH,

             Plaintiff,

    v.

COUNTY OF SACRAMENTO, et al.,

             Defendants.

No.  2:14-cv-2382 JAM KJN PS

ORDER

Plaintiff, who is proceeding without counsel, filed the original complaint and an application to proceed *in forma pauperis* on October 9, 2014.[1]  (ECF Nos. 1-2.)  On April 10, 2015, the court granted plaintiff's application to proceed *in forma pauperis*, but also dismissed his complaint without prejudice.  (ECF No. 3.)  The undersigned gave plaintiff leave to file an amended pleading, (Id.), and plaintiff subsequently filed a first amended complaint in response to the court's order.  (ECF No. 4.)[2]

---

[1]  This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2]  Plaintiff also filed a document styled as a "status of case and request" for additional time to obtain an attorney and file a proposed second amended complaint.  (ECF No. 6.)  Plaintiff reiterated this request in a subsequent filing.  (ECF No. 7.)  Based on a liberal construction of these filings, it appears that plaintiff requests the court to refrain from further action in this case until after he has obtained counsel and/or submitted a proposed second amended complaint.  (Id.)  While it has now been a number of months since plaintiff's second request for additional time, he

1

1    While plaintiff's amended pleading sheds some light on the alleged events underlying his

2    claims and clarifies the legal bases for some of those claims, the amended pleading still falls short

3    of remedying many of the deficiencies described in the court's order of April 10, 2015.  (ECF No.

4    3.)  Accordingly, the court gives plaintiff another opportunity to amend his pleading so as to

5    satisfy those deficiencies in the manner discussed below.

6    I.    LEGAL STANDARDS

7    As explained in the court's prior order, the determination that a plaintiff may proceed in

8    forma pauperis does not complete the required inquiry.  The court is also required to screen

9    complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also

10   Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. §

11   1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if,

12   at any time, it determines that the allegation of poverty is untrue, the action is frivolous or

13   malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks

14   monetary relief against an immune defendant.

15   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

17   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19   490 U.S. at 327.

20   To avoid dismissal for failure to state a claim, a complaint must contain more than "naked

21   assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of

22   action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

23   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

24   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

25   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

26   

27   has yet to make any filings indicating whether he has obtained counsel or still intends to file a
     further amended complaint.  Accordingly, in the interest of preventing an unreasonable delay in
     the prosecution of this action, the court proceeds with screening the first amended complaint
28   pursuant to 28 U.S.C. § 1915(e)(2).

2

1    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2    the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S.

3    at 678.  When considering whether a complaint states a claim upon which relief can be granted,

4    the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007),

5    and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

6    U.S. 232, 236 (1974).

7            Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21

8    (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

9    that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*

10   *pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll

11   v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th

12   Cir. 1984).

13       II.       DISCUSSION

14           The First Amended Complaint expands somewhat upon the vague factual allegations of

15   the original complaint, but largely reiterates verbatim the factual allegations of the original

16   pleading.  (Compare ECF No. 1 with ECF No. 4.)  The only major differences between the

17   allegations of the present complaint and those of the original complaint are the addition of the

18   year or years in which the alleged events occurred, the particular provisions of the United States

19   and California constitutions under which plaintiff asserts some of his claims, two new claims for

20   intentional and negligent infliction of emotional distress, and several factual assertions such as the

21   alleged fact that defendants inspected their properties without first presenting a warrant and

22   eventually demolished plaintiff's buildings without proper notice, due process, or just

23   compensation.  While the First Amended Complaint alleviates some of the deficiencies

24   highlighted by the court in its April 10, 2015 order, such as providing the particular provisions of

25   the United States and California constitutions under which the third, fifth, sixth, and seventh

26   causes of action are asserted, it fails to address many of the issues that were present in the original

27   complaint.

28   *////*

3

1   For instance, as in the original complaint, plaintiff Raj Singh appears to allege claims in

2   the First Amended Complaint on behalf of Karen Singh and the Sitaram Living Trust even though

3   he is the only plaintiff to appear in this action to date and is the only party who has signed the

4   First Amended Complaint.  (ECF No. 4 at 1, 12.)  Plaintiff Raj Singh is not an attorney and is

5   currently proceeding in this action without the assistance of counsel.  As the court noted in its

6   previous order, a non-attorney proceeding pro se may bring his own claims to court, but may not

7   represent other individuals or entities.  Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir.

8   1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (holding that a

9   non-attorney has a right to appear pro se on his or her own behalf, but "has no authority to appear

10  as an attorney for others"); Knoefler v. United Bank of Bismark, 20 F.3d 347 (8th Cir. 1994)

11  (citing C.E. Pope Equity Trust, and holding that pro se trustees had no right to represent the

12  appellant trust).  If these two supposed plaintiffs are to be considered proper plaintiffs to the

13  complaint, both the Federal Rules of Civil Procedure and this court's local rules require them to

14  sign the complaint.[3]  See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper

15  must be signed by at least one attorney of record in the attorney's name–by a party personally

16  if the party is unrepresented."); E.D. Cal. Local Rule 131(b).

17  Furthermore, the First Amended Complaint alleges claims for violations of California's

18  Health & Safety Code and "Other Codes" without specifying which section or sections of these

19  Codes defendants allegedly violated.  (ECF No. 4 at 6.)  Such unspecific claims provide

20  defendants with insufficient information to adequately prepare a response to the complaint.

21  Similarly, the present complaint does not specify which claims are asserted against which

22  defendants.   Without further clarification, neither the defendants named in this action nor the

23  court can ascertain which claim is asserted against which defendant or defendants.  Finally,

24  despite clarifying the legal and factual bases for some of plaintiff's constitutional claims, the

---

26  [3] While Karen Singh may sign the complaint on her own behalf, an attorney must sign the
    complaint on the behalf of the Sitaram Living Trust if it is to be considered a proper plaintiff to
27  this action.  See C.E. Pope Equity Trust, 818 F.2d at 697; Knoefler, 20 F.3d 347.  The individual
    plaintiffs proceeding pro se in this action may not represent this entity or make filings on its
28  behalf.

1  factual allegations in the First Amended Complaint still consist largely of vague assertions and

2  conclusory statements that give little indication to the court or to defendants as to what specific

3  act or acts underlie many of plaintiff's other claims.

4      In sum, the above-described deficiencies in the First Amended Complaint are fundamental

5  and preclude the court from ordering it to be served on defendants.  Nevertheless, because it is

6  still possible that further amendment to the First Amended Complaint may be able to overcome

7  these deficiencies, plaintiff should be granted leave to further amend the complaint to address

8  these deficiencies.  Accordingly, the First Amended Complaint is dismissed with leave to amend

9  pursuant to 28 U.S.C. § 1915(e)(2) to permit plaintiff to file another amended pleading that is

10  signed by all plaintiffs in accordance with Federal Rule of Civil Procedure 11(a), provides the

11  section or sections of the California Health & Safety Code and "Other Codes" under which the

12  first cause of action is asserted, indicates which claims are brought against which defendants, and

13  generally provides more context to the wide-ranging accusations asserted in the First Amended

14  Complaint.  The amended pleading shall be titled "Second Amended Complaint" and shall also

15  include allegations regarding the basis for this court's jurisdiction.  Plaintiff shall file the Second

16  Amended Complaint within 30 days of the date of this order.

17      Plaintiff is informed that the court cannot refer to prior pleadings in order to make an

18  amended complaint complete.  Eastern District Local Rule 220 requires that an amended

19  complaint be complete in itself.  This requirement is because, as a general rule, an amended

20  complaint supersedes the prior complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)

21  ("The amended complaint supersedes the original, the latter being treated thereafter as non-

22  existent.").  Accordingly, once a plaintiff files the Second Amended Complaint, the original

23  complaint and the First Amended Complaint no longer serve any function in the case.

24  Defendants not named in an amended complaint are no longer defendants.  Ferdik, 963 F.2d at

25  1262.

26      Plaintiff is also hereby informed that he is obligated to comply with court orders and the

27  rules of litigation procedure, notwithstanding his status as a pro se litigant.  Eastern District Local

28  Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any

5

1    order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

2    by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local

3    Rule 183(a) provides, in part:

4
5
6
7

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

8    See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

9    same rules of procedure that govern other litigants.").  Case law is in accord that a district court

10   may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal

11   Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to

12   comply with the court's orders.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)

13   (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells

14   Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that

15   courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a

16   plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

17   Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

18   may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S.

19   915 (1992); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per

20   curiam) (stating that district courts have inherent power to control their dockets and may impose

21   sanctions including dismissal), cert. denied, 479 U.S. 829 (1986).  Accordingly, plaintiff's failure

22   to file a Second Amended Complaint by the deadline stated herein will result in a

23   recommendation that this action be dismissed.

24       III.     CONCLUSION

25           For the foregoing reasons, IT IS HEREBY ORDERED that:

26       1.      Plaintiff's First Amended Complaint (ECF No. 4) is dismissed with leave to

27               amend so that plaintiff can correct the pleading deficiencies described herein.

28       2.      Plaintiff is granted 30 days from the entry of this order to file a Second Amended

Complaint that is complete in itself. The Second Amended Complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

3.   ***Failure to timely file a Second Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed.***

IT IS SO ORDERED.

Dated:  October 8, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE