UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJ SINGH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2382-JAM-KJN (PS)<br><br><br>ORDER |

　　　　Plaintiff, who is proceeding without counsel, filed the original complaint and an application to proceed *in forma pauperis* on October 9, 2014.[1]  (ECF Nos. 1, 2.)  On April 10, 2015, the court granted plaintiff's application to proceed *in forma pauperis*, but also dismissed his complaint without prejudice based on a number of deficiencies the court outlined in its order. (ECF No. 3.) The undersigned gave plaintiff leave to file an amended pleading (Id.), and plaintiff subsequently filed a First Amended Complaint in response to the court's order.  (ECF No. 4.) The court subsequently determined that the First Amended Complaint also contained many of the same deficiencies the court highlighted with respect to the original complaint.  (ECF No. 7.) Nevertheless, in light of the fact that plaintiff attempted to remedy at least some of the original complaint's inadequacies, the court again granted plaintiff leave to amend his complaint a second

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

time.  (Id.)  On November 6, 2015, plaintiff filed a Second Amended Complaint.  (ECF No. 9.)

I.  LEGAL STANDARDS

As discussed in the court's previous orders in this matter, the determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  The court is also required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

II.     DISCUSSION

The allegations of the Second Amended Complaint are virtually the same as those found to be defective in the First Amended Complaint. (Compare ECF No. 4 with ECF No. 9.) Indeed, the only readily identifiable changes plaintiff has made to his allegations in the Second Amended Complaint are the removal of the words "and Other Codes" from his first cause of action, the replacement of some of the end dates of the time periods concerning certain alleged actions from specific years to "through Present," and a replacement of the language of the First Amended Complaint's introduction with that of the original complaint. (See generally, ECF No. 9.) The Second Amended Complaint is not even signed by Karen Singh, the other purported plaintiff to this action, despite the court's repeated admonitions that all plaintiffs to this action who are natural persons and are representing themselves must sign the complaint. (See ECF Nos. 3 at 4; 7 at 4; 9 at 12.) It appears that plaintiff has in no way made a good faith attempt to rectify the problems present in his prior pleadings despite the court's repeated explanations as to why his allegations as stated are deficient. Perhaps in recognition of this apparent fact, plaintiff filed a document the court construes as a status report concurrently with the Second Amended Complaint which admits that plaintiff filed the Second Amended Complaint "in order to beat the time limit" and states that "the complaint will be modified again" once "[o]thers . . . join this action with their attorneys." (ECF No. 8.)

Given plaintiff's almost complete lack of material changes to his allegations, the court refuses to squander valuable judicial resources on unnecessarily repeating its original analysis here and directs plaintiff to review its prior order concerning the First Amended Complaint with regard to addressing the deficiencies present in the Second Amended Complaint. (See ECF No.

3

7.) Nevertheless, out of an abundance of caution, the court grants plaintiff **one final chance** to amend his complaint. Plaintiff is directed to file a Third Amended Complaint, should he choose to do so, **not later than thirty (30) days following the date of this order.** *Plaintiff is cautioned that filing another complaint with virtually the same allegations as the original complaint, First Amended Complaint, and/or the Second Amended Complaint will cause the court to issue sanctions including, but not limited to, a recommendation that this entire action be dismissed with prejudice. Similar sanctions will issue if the Third Amended Complaint does not otherwise address the fundamental deficiencies in plaintiff's current allegations that the court has already repeatedly highlighted through its previous orders.* (See ECF Nos. 3, 7.)

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Second Amended Complaint (ECF No. 9) is dismissed with leave to amend so that plaintiff can correct the pleading deficiencies described herein and in the court's previous orders.

2. Plaintiff is granted **30 days** from the entry of this order to file a Third Amended Complaint that is complete in itself. The Third Amended Complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."

3. *Failure to timely file a Third Amended Complaint in accordance with this order will result in a recommendation that this action be dismissed with prejudice. Similarly, failure to file a Third Amended Complaint that addresses the deficiencies described herein and in the court's previous order will result in the issuance of sanctions, including, but not limited to, a recommendation that this action be dismissed with prejudice.*

IT IS SO ORDERED.

Dated:  December 1, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE