UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAJ SINGH,

        Plaintiff,

   v.

COUNTY OF SACRAMENTO, et al.,

        Defendants.

No. 2:14-cv-2382-JAM-KJN PS

FINDINGS AND RECOMMENDATIONS

    Through these findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice. Plaintiff repeatedly failed to comply with the court's orders granting plaintiff leave to amend his defective pleadings by filing multiple amended complaints containing virtually the same allegations as those found to be defective in his prior pleadings. Plaintiff engaged in this practice despite having been repeatedly provided both with notice of the multitude of deficiencies in his allegations and multiple warnings that his continued filing of amended pleadings virtually the same as his prior flawed pleadings would result in a recommendation that this action be dismissed with prejudice. Accordingly, for the reasons described below, the undersigned recommends that plaintiff's case be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

////

////

1

I. BACKGROUND

Plaintiff, who is proceeding without counsel, filed the original complaint and an application to proceed *in forma pauperis* on October 9, 2014.[1] (ECF Nos. 1, 2.) On April 10, 2015, the court granted plaintiff's application to proceed *in forma pauperis*, but also dismissed his complaint without prejudice based on a number of deficiencies the court outlined in its order. (ECF No. 3.) The undersigned gave plaintiff leave to file an amended pleading (Id.), and plaintiff subsequently filed a First Amended Complaint in response to the court's order. (ECF No. 4.) The court subsequently determined that the First Amended Complaint also contained many of the same deficiencies the court highlighted with respect to the original complaint. (ECF No. 7.) Nevertheless, in light of the fact that plaintiff attempted to remedy at least some of the original complaint's inadequacies, the court again granted plaintiff leave to amend his complaint a second time. (Id.)

On November 6, 2015, plaintiff filed a Second Amended Complaint. (ECF No. 9.) However, this complaint was also dismissed because, aside from a few largely superficial changes, it contained verbatim the same allegations as those found deficient in the First Amended Complaint. (ECF No. 10.) Nevertheless, despite plaintiff's apparent lack of a good faith attempt to rectify the deficiencies the court had repeatedly highlighted for him, the court granted plaintiff one final opportunity to file an amended complaint that addressed the multitude of deficiencies in his allegations. (Id.) Furthermore, the court provided plaintiff with the following admonition:

> ***Plaintiff is cautioned that filing another complaint with virtually the same allegations as the original complaint, First Amended Complaint, and/or the Second Amended Complaint will cause the court to issue sanctions including, but not limited to, a recommendation that this entire action be dismissed with prejudice. Similar sanctions will issue if the Third Amended Complaint does not otherwise address the fundamental deficiencies in plaintiff's current allegations that the court has already repeatedly highlighted through its previous orders.***

(Id. at 4 (emphasis in original).)

////

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

2

On December 23, 2015, plaintiff filed a Third Amended Complaint. (ECF No. 11.) However, a review of that pleading demonstrates that the allegations contained therein are effectively the same as those contained in the previously-dismissed Second Amended Complaint. (Compare ECF No. 9 with ECF No. 11.) Indeed, the Third Amended Complaint is even titled "Second Amended Complaint for Damages." (ECF No. 11 at 1.) The only difference between these two pleadings that the court is aware of is that the Third Amended Complaint is also signed by Karen Singh, a purported second plaintiff to this action. Outside of this inclusion, the allegations of the Third Amended Complaint are word-for-word identical to those contained in the Second Amended Complaint, and contain the exact same deficiencies highlighted by the court's three previous orders issued in this action. Despite the court's warning that it would recommend that this case be dismissed with prejudice if plaintiff's Third Amended Complaint contained virtually the same allegations as those contained in his Second Amended Complaint, plaintiff has filed a third amended pleading that clearly appears to flagrantly disregard that order.

II. LEGAL STANDARDS

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

////

////

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali, 46 F.3d at 53 ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

III.   DISCUSSION

Although involuntary dismissal can be a harsh remedy, on balance the five relevant Ferdik factors weigh in favor of dismissal of this action. See Ferdik, 963 F.2d at 1260. The first two Ferdik factors strongly support dismissal here. Plaintiff's multiple failures to file an amended pleading that addresses the deficiencies in his allegations repeatedly highlighted by the court and

apparent disregard for the court's orders directing him not to file pleadings that are virtually indistinguishable from those that have been previously dismissed, despite a clear warning of the consequences for doing so (ECF Nos. 10 at 4), strongly suggest that plaintiff is not interested in seriously prosecuting this case in good faith, or at least, does not take his obligations to the court and other parties seriously.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Any further time spent by the court on this case, for which plaintiff has demonstrated a lack of any serious intention to pursue in good faith, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

Furthermore, this is not plaintiff's first failure to comply with a court order.  This is the fourth occasion on which plaintiff has filed a defective pleading in this action, and the third time he has done so with allegations that are virtually unchanged after being advised that they contain multiple fundamental deficiencies.  Despite receiving warnings to not file pleadings materially indistinguishable from prior defective complaints and having had multiple chances to amend his complaint to provide allegations that give rise to a cognizable cause of action, plaintiff's failures to comply with the court's orders demonstrate plaintiff's lack of any serious intention to pursue this case in a good faith manner.  See Ferdik, 963 F.2d at 1261.

The third Ferdik factor, prejudice to a defendant, also favors dismissal.  Due to the defects that continue to remain within plaintiff's operative pleading, service of process upon the defendants named in this action has not been ordered.  Nevertheless, the defendants remain named in a lawsuit.  It is difficult to quantify the prejudice suffered by the defendants here; however, it is enough that the defendants have been named in litigation that plaintiff has effectively been unwilling to pursue in good faith, which is demonstrated through his clear unwillingness to make all but the most minimal attempts to correct the deficiencies in his allegations and blatant disregard of court orders.  At a minimum, plaintiff's unreasonable delay in prosecuting this action via his filing of multiple nearly identical pleadings has prevented the defendants from attempting to resolve this case on the merits.  Unreasonable delay is presumed to

be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth Ferdik factor, which considers the availability of less drastic measures, also supports dismissal of this action.  As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal").  For instance, the court gave plaintiff multiple opportunities to amend his defective pleading, each time highlighting the deficiencies in his allegations.  (ECF Nos. 4, 7, 10.)  The court also repeatedly advised plaintiff that he was required to make more substantive amendments to his complaint and follow the court's orders to not file amended pleadings that are virtually the same as those previously filed and dismissed.  (Id.)  It also warned plaintiff in plain terms that failure to comply with court orders and failure to file an amended pleading that did not contain defective allegations that were word-for-word the same as those previously dismissed would result in a recommendation of dismissal.  (ECF No. 10 at 4.)  Warning a plaintiff that failure to take appropriate steps towards resolution of his or her action will cause the action to be dismissed satisfies the requirement that the court consider alternative measures.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement") (citing Malone, 833 F.2d at 132-33).

At this juncture, the court finds no suitable alternative to a recommendation that this action be dismissed.  Plaintiff failed to file an amended pleading despite having multiple chances to do so (ECF Nos. 3, 7, 10), and in light of plaintiff's *in forma pauperis* status, the court has little confidence that plaintiff would pay monetary sanctions if they were imposed in lieu of dismissal. Most recently, plaintiff disregarded the court's order and filed an amended pleading that verbatim mirrored the defective allegations contained in his Second Amended Complaint even though the court explicitly warned him that taking such a course of action would result in a recommendation that this case be dismissed.  (ECF No. 10 at 4.)

////

The court also recognizes the importance of giving due weight to the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits. However, for the reasons set forth above, factors one, two, three, and five support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise. Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted). Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits. See Ferdik, 963 F.2d at 1263. If anything, a disposition on the merits has been hindered by plaintiff's repeated failures to comply with the court's orders and the rules of litigation procedure.

In sum, the court endeavors to give pro se litigants who are unfamiliar with court procedures a fair opportunity to present their cases. As such, the court has given plaintiff several opportunities to amend his defective pleading. Yet plaintiff did not seize upon these opportunities, and decided instead to flagrantly disregard the court's orders by filing amended complaints that effectively mimicked those that the court previously dismissed due to multiple deficiencies. The court has also provided plaintiff with cautionary instructions and afforded plaintiff some leniency with respect to the litigation. However, at some point, leniency must give way to considerations of limited court resources and fairness to the other litigants.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   This action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2.   The Clerk of Court be directed to close this case and vacate all dates.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  February 17, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE